ion, Count I of the amended complaint pertaining to the action for damages for an injury to the person is barred as above determined. (Ill. Rev. Stat. 1971, ch. 83, par. 15.) Count II of the amended complaint, which sought to recover damages for an injury done to personal property, is not barred by the applicable statute of limitations which provides for commencement of such cause of action within five years after accrual thereof. (Ill. Rev. Stat. 1971, ch. 83, par. 16.) Insofar as the order appealed from dismisses Count I of the amended complaint as to the impleaded defendant, United Van Lines, it is affirmed. Insofar as the order dismisses Count II of the amended complaint as to said impleaded defendant, it is reversed and the cause remanded for further proceedings not inconsistent with the above opinion.

Order dismissing Count I of amended complaint is affirmed; order dismissing Count II of amended complaint is reversed and cause remanded.

BURKE and HALLETT, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARANCE E. DAVIS, Defendant-Appellant.

(No. 58337;

First District (1st Division)—January 14, 1974.

PER CURIAM.

HALLETT, J., took no part.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE *ex rel.* ROBERT T. KEYES, Relator-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary at Joliet, Respondent-Appellee.

(No. 58412;

First District (1st Division)—January 14, 1974.